UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN PETERSON and CHARMAINE PETERSON, husband and wife, | ) ) ) ) |
| | No. CV-12-202-LRS |
| | ) |
| | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| Plaintiff, | ) ) |
| vs. | ) ) |
| sanofi-aventis U.S. LLC, a foreign limited liability company, | ) ) ) |
| Defendant. | ) ) |

**BEFORE THE COURT** is Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss.  (ECF No. 2).  The motion is heard without oral argument.

## I. BACKGROUND

Plaintiffs Stephen and Charmaine Peterson, a husband and wife living in Spokane, Washington, have brought suit against Defendant sanofi-aventis ("sanofi") for Mr. Peterson's alleged wrongful termination. Mr. Peterson worked for sanofi as a sales representative from March 27, 1990, until his termination on March 19, 2009.  (ECF No. 1, Ex. 1).  Plaintiffs' suit is premised

**ORDER DENYING
DEFENDANT'S MOTION TO DISMISS- 1**

on age and disability discrimination, in violation of RCW 49.60.180 and RCW 49.44.090, respectively. *Id*. Plaintiffs also allege that defendant wrongfully denied Mr. Peterson his severance benefits under a written Separation Plan, such that he is entitled to recover these benefits under 29 U.S.C. § 1132. *Id*. Plaintiffs allege they are entitled to damages for and related to economic loss, mental anguish, and emotional distress. *Id*.

In May 2010, Mr. Peterson brought a Small Claims Court action against Defendant in the District Court of Spokane County regarding accrued and unused vacation days. The matter was heard before Judge Gregory J. Tripp who ruled in favor of Mr. Peterson and awarded him $1,226.62, representing three days vacation pay at a rate of $360.64 per day. Sanofi appealed and Judge Tari S. Eitzen, after a *de novo* review, awarded Mr. Peterson four days vacation pay at a rate of $374.48 per day, for a total judgment of $1,497.92. Sanofi has satisfied this judgment.

Defendant contends plaintiffs are improperly splitting their claims, and that plaintiffs could have and should have asserted the age and disability discrimination claims in the May 2010 Small Claims Court action. (ECF No. 3). According to Defendant: "All claims that Mr. Peterson did raise, or could have raised, in his action in Small Claims Court, and in the appeal thereof, are barred by *res judicata*." *Id*. Defendant alleges that because plaintiffs' current and previous claims arise out of the same event – the termination of Mr. Peterson's employment – the present claims are barred by *res judicata* and should be dismissed. *Id*.

//

//

//

**ORDER DENYING
DEFENDANT'S MOTION TO DISMISS- 2**

1

## II. DISCUSSION

2

**A. 12(b)(6) Standard**

3   A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a

4   cognizable legal theory" or "the absence of sufficient facts alleged under a

5   cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699

6   (9th Cir. 1990). In reviewing a 12(b)(6) motion, the court must accept as true

7   all material allegations in the complaint, as well as reasonable inferences to be

8   drawn from such allegations. *Mendocino Environmental Center v. Mendocino*

9   *County*, 14 F.3d 457, 460 (9th Cir. 1994); *NL Indus., Inc. v. Kaplan*, 792 F.2d

10   896, 898 (9th Cir. 1986). The complaint must be construed in the light most

11   favorable to the plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d

12   1480, 1484 (9th Cir. 1995). The sole issue raised by a 12(b)(6) motion is

13   whether the facts pleaded, if established, would support a claim for relief;

14   therefore, no matter how improbable those facts alleged are, they must be

15   accepted as true for purposes of the motion. *Neitzke v. Williams*, 490 U.S. 319,

16   326-27, 109 S.Ct. 1827 (1989). The court need not, however, accept as true

17   conclusory allegations or legal characterizations, nor need it accept

18   unreasonable inferences or unwarranted deductions of fact. *In re Stac*

19   *Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996).

20

21   **B. *Res judicata* Under Washington Law**

22   A federal court in a diversity case must apply the *res judicata* law of the

23   state in which the federal court sits. *Semtek Int'l Inc. v. Lockheed*, 531 U.S. 497,

24   508, 121 S.Ct. 1021 (2001). Washington state law applies where a party seeks

25   preclusion based on a Washington state court judgment. *Feminist Women's*

26   *Health Ct. v. Codispoti*, 63 F.3d 863, 867 (9th Cir. 1995), citing *Migra v. Warren*

27
28   **ORDER DENYING**
     **DEFENDANT'S MOTION TO DISMISS- 3**

1   *City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892 (1984).

2       Under Washington law, *res judicata* applies when the prior and current

3 litigation are identical in the following respects: "(1) subject matter; (2) cause of

4 action; (3) persons and parties; and (4) the quality of the persons for or against

5 whom the claim is made." *Feminist Women's Health Ctr.*, 63 F.3d at 867 (9th

6 Cir. 1995), citing *Rains v. State*, 100 Wash. 2d 660, 674, P.2d 165, 168

7 (1983)(en banc)). *Res judicata* estops parties from relitigating claims under a

8 different legal theory and subsequently filing suit. *Id*. All issues that could have

9 been raised in a prior suit are precluded, even if the claims were not actually

10 litigated. *Id*.  As such, *res judicata* prevents claim-splitting; a plaintiff may not

11 file a lawsuit under a new legal theory seeking new legal remedies for a claim

12 that could have been raised in a prior action. *Id*. at 868.

13       Defendant asserts that all four of the above-mentioned criteria are

14 satisfied with regard to plaintiffs' current age discrimination/wrongful

15 termination action and Mr. Peterson's May 2010 Small Claims Court action.

16 (ECF No. 3; ECF No. 16). Plaintiffs counter that there is no identity of subject

17 matter or cause of action between the two actions, and that *res judicata* should

18 not preclude the current action.  (ECF No. 15).

19       Whether plaintiffs' current action should be barred by *res judicata*

20 requires examination of each of the four parts of the *res judicata* test to

21 determine whether the previous and current actions are identical such that

22 litigation of the latter should be barred.  Plaintiffs do not dispute that the parties

23 in the present suit are identical to, or in privity with, the parties in the Small

24 Claims Court action, nor do they dispute that the quality of persons for and

25 against whom the claims are made is identical.  (ECF No. 3).  Therefore, this

26 Court need only examine the first and second prongs of the *res judicata* test.

27 **ORDER DENYING**

28 **DEFENDANT'S MOTION TO DISMISS- 4**

**1. Identity Of Subject Matter**

Washington courts have acknowledged the difficulty in determining whether subject matter between two actions is identical. "While there is a dearth of case law defining when the subject matter of cases differs, one noted authority has observed that when courts examine subject matter '[t]he critical factors seem to be the nature of the claim or cause of action and the nature of the parties.'" *Hayes v. City of Seattle*, 131 Wash. 2d 706, 712-13, 934 P.2d 1179, 1182 (1997) opinion corrected, 943 P.2d 265 (Wash. 1997); citing Philip A. Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington,* 60 Wash.L.Rev. 805, 812-13 (1985).

Defendant asserts the subject matter between the two actions is identical, satisfying the first prong of the *res judicata* test. (ECF No. 3). According to defendant, the subject matter of both cases is "[plaintiff's] termination of employment." *Id*. It alleges that "[t]his action, like the small claims action, concerns the activities of sanofi-aventis against Mr. Peterson." *Id*. Plaintiff, however, casts the previous action as "claims for pre-termination unpaid wages and vacation pay," and the instant action as a "wrongful termination/age discrimination claim," and asserts that the two actions are "completely separate and distinct." (ECF No. 15).

The nature of the parties is undeniably identical – Mr. Peterson was an employee and the defendant was his employer. However, the nature of the previous and present claims are sufficiently different that there is no identity of subject matter. Defendant defines the two cases as concerning "the activities of sanofi-aventis against Mr. Peterson," (ECF No. 15). Any two actions can be found to have identity of subject matter if they are sufficiently generalized. Here, it appears defendant has overgeneralized the nature of the claims.

**ORDER DENYING
DEFENDANT'S MOTION TO DISMISS- 5**

The May 2010 action involved unpaid vacation wages before Mr. Peterson was terminated; the present action involves issues of age discrimination and wrongful termination at the time of his discharge from defendant's employment. While the Court acknowledges that both suits have *something* to do with Mr. Peterson's termination, only in the most general of terms are they identical in subject matter. As such, no identity of subject matter exists between the May 2010 Small Claims action and the present action.

### 2. Identity Between Causes Of Action

To determine whether there is identity between causes of action in previous and present cases, the Court considers: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transaction or nucleus of facts." *Feminist Women's Health Ctr*., 63 F.3d at 867, citing *Rains*, 674 P.2d at 168.  No single factor is determinative, and a court may apply *res judicata* even in the absence of one or more of these factors. *Id*.

Defendant addresses the second and fourth prongs, while remaining silent on the first and third. This silence implies its acknowledgment that no rights from the judgment in the Small Claims Court would be impaired by prosecution of the current case, as well its acknowledgment that the rights infringed upon in the two cases are different.  (ECF No. 3).  Therefore, the Court determines that the first and third prongs of the test to determine identity between causes of action need not be examined.

**ORDER DENYING**
**DEFENDANT'S MOTION TO DISMISS- 6**

*(a) Substantially similar evidence*

Defendant asserts the same evidence that was presented in the Small Claims Court action would be presented in the present action: "Such evidence would likely include written procedures and policies of sanofi-aventis and Mr. Peterson's termination letter." (ECF No. 3). In the list of documents in defendant's Request for Judicial Notice, defendant enumerates the following as evidence in the Small Claims action: a confidential letter to Mr. Peterson; Mr. Peterson's Termination Form Submission; a letter from Mr. Peterson requesting payout of vacation; a worker's rights complaint; "Employment Standards Program Wage Release – Case #65528"; a notice of the small claim; a transcript of the hearing before Judge Tripp; a notice of the small claims appeal; and a notice of appeal to superior court and certification of filing status. (ECF No. 5). In examining the transcript of the hearing before Judge Tripp, it appears that the primary evidence used in adjudicating the Small Claims Court action was the amount of time Mr. Peterson had worked, the company policies defendant used in determining the number of vacation days given, and the rate of pay for those vacation days. (ECF No. 5, Ex. 1).

Plaintiffs assert the evidence that will be presented in the present age discrimination/wrongful termination case will be comprised of "Mr. Peterson's work performance, the circumstances surrounding his discharge, and the reason for his discharge. Evidence will be presented relating to [Mr.] Peterson's compensation package with [defendant], including vacation pay, but only for the purpose of demonstrating his economic loss resulting from his termination." (ECF No. 15).

While there may be some overlap in evidence between the Small Claims Court action and the present age discrimination/wrongful termination action, the

**ORDER DENYING**
**DEFENDANT'S MOTION TO DISMISS- 7**

evidence does not appear to be so identical as to establish identity between the causes of action and grounds for preclusion on a theory of *res judicata*. A case involving age discrimination should involve evidence different from or in addition to policies for determining vacation days and pay rates for such days. The pleadings filed in this case confirm this is so.

### (b) Same transaction or nucleus of facts

Defendant asserts that because both the Small Claims Court action and the present age discrimination/wrongful termination action arise out of "the facts and circumstances of Mr. Peterson's termination from employment," (ECF No. 3), the two suits have the same nucleus of facts and are thus identical in cause of action, and should be barred by *res judicata*.

Plaintiffs assert that "[t]he prior proceedings arose out of work performed by Mr. Peterson for [defendant] prior to his discharge. The instant case arises out of the facts relating to his discharge. The facts relating to [Mr.] Peterson's right to be paid for his work have nothing to do with the facts relating to the reasons for his discharge." (ECF No. 15).

Again, any two suits can arise out of the same "nucleus of facts" if that nucleus is construed generally enough. While both suits do pertain to the fact that Mr. Peterson once worked for defendant and was subsequently terminated, defendant once again resorts to an over-generalization. The Small Claims action was just that – a small, specific action intended to obtain accrued and unpaid vacation days from a former employer while that employee worked there. The current action involves the facts relating to his discharge: whether his termination was based upon age discrimination, and whether that termination was wrongful. No fact in the Small Claims Court action pertained to Mr.

**ORDER DENYING**
**DEFENDANT'S MOTION TO DISMISS- 8**

Peterson's conduct while he worked for defendant or *why* he was discharged.
The Court anticipates that such facts will be introduced in the present case.
Accordingly, the two suits do not operate out of the same nucleus of facts such
that there is identity between causes of action.

None of the factors support an identity between the Small Claims Court
cause of action and the present age discrimination/wrongful termination cause
of action.

### 3. *Res Judicata* Effect Of Small Claims Court Judgment

Citing *Landry v. Luscher*, 95 Wash. App. 779, 976 P.2d 1274 (1999), and
*State Farm Mut. Auto. Ins. Co. v. Avery*, 114 Wash. App. 299, 308, 57 P.3d 300
(2002), defendant argues that this Court should not ignore a defense of *res
judicata* simply because the prior judgment came from a court with limited
jurisdiction such as Small Claims Court (ECF No. 3).

In *Luscher*, plaintiffs obtained a judgment in Small Claims Court for
property damage from an automobile accident involving the parties, then
attempted to bring an action in superior court for personal injury arising out of
the same accident. *Luscher*, 95 Wash. App. at 780. The court barred the action
on *res judicata* grounds, finding that the plaintiffs had improperly split their
claims. *Id*. Similarly, in *Avery*, a plaintiff obtained a judgment in his favor for
payment of a medical bill by his insurer; he later commenced a second Small
Claims suit for another medical bill, and State Farm filed suit in superior court
seeking a declaratory judgment that it was not obligated to pay on the ground
that the claim was time-barred under the release agreement. *Avery*, Wash. App.
299 at 303. Avery argued that the prior Small Claims suit should be given
preclusive effect; the trial court disagreed, but the appellate court determined

**ORDER DENYING**
**DEFENDANT'S MOTION TO DISMISS- 9**

1    that a Small Claims Court's judgments do have preclusive effect upon a suit in
2    superior court. *Id*. at 308.

3         This Court does not dispute that Washington case law has routinely held
4    that the limited jurisdiction of Small Claims Court does not preclude a defense
5    of *res judicata*, and that a claim resolved in that Court will preclude a similar
6    claim in another court. However, the facts in *Luscher* and *Avery* are quite
7    distinct from those at issue here. In those cases, the actions were undeniably
8    identical in subject matter and causes of action.

9         Here, the issue decided in favor of Mr. Peterson in Small Claims Court
10   involved accrued and unpaid vacation days, whereas the current action involves
11   age discrimination and wrongful termination in violation of state and federal
12   statutes. While the Court acknowledges the preclusive power of a Small Claims
13   Court judgment upon a similar claim brought in a superior court, such power is
14   not at issue here since the present claims are distinct in both subject matter and
15   causes of action from the claims presented in Small Claims Court.

16        Additionally, the Court notes that in Washington, the jurisdiction of
17   Small Claims Court is limited to "cases for the recovery of money only if the
18   amount claimed does not exceed five thousand dollars." RCW 12.40.010.
19   Defendant's Notice of Removal asserts diversity jurisdiction pursuant to 28
20   U.S.C. § 1332 because "[t]he amount in controversy exceeds $75,000 based on
21   the following allegations ... (1) [plaintiffs'] allegation that they are entitled to
22   damages related to 'economic loss and mental anguish and emotional distress';
23   (2) [plaintiffs'] request for 'damages for economic loss'; and (3) [plaintiffs']
24   request for 'general damages for mental anguish and emotional distress'...
25   Moreover, Mr. Peterson's annual compensation while employed by [defendant]
26   was in excess of $75,000.00," ECF No. 1 (citations omitted). This Court

27   **ORDER DENYING**
28   **DEFENDANT'S MOTION TO DISMISS- 10**

questions how plaintiffs could or should have brought the present action in Small Claims Court when defendant itself asserts that the amount plaintiff now seeks to recover far exceeds the Small Claims Court's $5,000 limit.

### III. CONCLUSION

No identity of subject matter or between causes of action exists between Mr. Peterson's Small Claims Court action and plaintiffs' present age discrimination/wrongful termination action. Accordingly, the present suit is not precluded on *res judicata* grounds. The plaintiffs did not improperly split their claims. Plaintiffs' complaint states a claim upon which relief can be granted. Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (ECF No. 2) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and provide copies to counsel of record.

**DATED** this ___13th___ day of July, 2012.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER DENYING
DEFENDANT'S MOTION TO DISMISS- 11**