UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN PETERSON and CHARMAINE PETERSON, husband and wife,<br><br>    Plaintiffs,<br><br> vs.<br><br>sanofi-aventis U.S. LLC, a foreign limited liability company,<br><br>    Defendant. | NO. CV-12-202-LRS<br><br>ORDER GRANTING MOTION FOR SANCTIONS AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT |

 **BEFORE THE COURT** are the Plaintiffs's Motion For Sanctions (ECF No. 29) and the Plaintiffs' Motion For Partial Summary Judgment (ECF No. 31). These motions were heard with telephonic oral argument on August 1, 2013. Paul J. Burns, Esq., argued for Plaintiffs. Ryan P. Hammond, Esq., argued for Defendant. This order memorializes the rulings the court delivered from the bench at the conclusion of the oral argument.

**I. BACKGROUND**

 As a senior sales representative employed by sanofi-aventis, Plaintiff Stephen Peterson's duties were to sell products in Defendant's portfolio to hospitals in

**ORDER GRANTING MOTION**
**FOR SANCTIONS,** *INTER ALIA***- 1**

Eastern Washington and Northern Idaho with his 44 year old peer, Angela Peck. ECF No. 35, Exhibit A, at 2. On March 19, 2009, Plaintiff was informed that his employment was being terminated, and his duties were being assumed by Ms. Peck. *Id*. Plaintiff was 59 years old at the time of his discharge.

This action was removed from Spokane County Superior Court based on diversity of citizenship and federal question jurisdiction. Plaintiff asserts wrongful termination claims under the Washington Law Against Discrimination (WLAD), R.C.W. Chapter 49.60, for age discrimination (R.C.W. 49.60.180), and for unpaid severance benefits under the Employee Retirement Income Security Act (ERISA), 28 U.S.C. § 1132.

## II. MOTION FOR SANCTIONS

Early in the discovery process, Plaintiffs sent Defendant a list of interrogatories. ECF No. 29 at 3. This list of interrogatories contained the specific interrogatory in question, Interrogatory No. 5. *Id*. Interrogatory No. 5 asked:

> Please state the reason plaintiff was discharged from his employment with defendant.

*Id*. Defendant's response to Interrogatory No. 5 stated:

> sanofi-aventis objects to this interrogatory on the grounds that responsive information is equally available to Plaintiff Stephen Peterson. Notwithstanding such objections, and subject to them, sanofi answers as follows:
> See sanofi 0000067.

*Id*.

One day after the discovery cutoff date, Defendant supplemented its response, stating that Plaintiff was terminated for falsifying company records. *Id*. at 4. Plaintiff moves for sanctions pursuant to Rule 37(d).

**ORDER GRANTING MOTION
FOR SANCTIONS,** *INTER ALIA*- **2**

**A. Rule 37(d)**

Rule 37(d)(1)(A) provides in relevant part:

The court where the action is pending may, on motion, order sanctions if:

. . .

(ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, *fails to serve* its answers, objections, or written response.

(emphasis added).

Plaintiffs claim that Defendant's evasive answer to Interrogatory No. 5 warrants sanctions. However, Plaintiffs misinterpret the ambit of Rule 37(d). Evasive responses are contemplated in Rule 37(a)(4) which specifically declares they are to be treated as a failure to respond for the purposes of that subsection. If evasive responses were always considered a "failure to respond," then there would be no need for Rule 37(a) to expand the definition of "failure to respond" to include evasive responses. Indeed, the Ninth Circuit has declined to impose sanctions under Rule 37(d) in similar circumstances when responses to interrogatories were evasive and misleading. *Fjelstad v. Am. Honda Motor Co., Inc.*, 762 F.2d 1334, 1339 (9th Cir. 1985). While Rule 37(a) provides sanctions for evasive responses, Rule 37(d) only provides sanctions for a complete failure to serve a response, and is thus not applicable here.

**B. The Court's Inherent Authority**

Courts hold the power to fashion appropriate sanctions for conduct that is abusive of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123 (1991). Such sanctions are available to combat a variety of willful actions including not only bad faith, but also recklessness combined with an additional factor such as an improper purpose. *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

**ORDER GRANTING MOTION  
FOR SANCTIONS,** *INTER ALIA***-  3**

Defendant objected to Interrogatory No. 5 on the grounds that the requested information was equally available to Plaintiff. However, "courts have unambiguously stated that this exact objection is insufficient to resist a discovery request." *Nat'l Acad. of Recording Arts & Sciences, Inc. v. On Point Events*, LP, 256 F.R.D. 678, 682 (C.D. Cal. 2009). Despite this baseless objection, Defendant pointed Plaintiff to a document that did not answer the question posed by the interrogatory. Accordingly, sanctions are appropriate.

The drastic sanctions Plaintiffs seek, preclusion of evidence, cannot be granted. Despite Plaintiffs' claims to the contrary, Plaintiffs had no right to rely on Defendant's response. Plaintiffs were in possession of evidence demonstrating that Defendant's response was an evasive non-answer, and yet Plaintiffs made no attempt to remedy the situation, such as filing a motion to compel under Rule 37(a). Furthermore, Plaintiffs have produced no evidence of bad faith to warrant such a drastic sanction as preclusion of evidence.

Although no evidence of bad faith has been presented, and even if the improper reference to sanofi 0000067 was a mere oversight, such recklessness must be discouraged. Interrogatory No. 5 posed a question aimed precisely at the core of the issue at hand, and Plaintiffs were entitled to a substantive response. Instead, Defendant responded with a baseless objection and an improper reference. Accordingly, to remedy any prejudice Plaintiffs may have suffered due to Defendant's evasive response, Plaintiffs may conduct additional video depositions of those involved in the decision to terminate Mr. Peterson, and the costs of the depositions will be paid by Defendant.

**ORDER GRANTING MOTION FOR SANCTIONS,** *INTER ALIA*- 4

### III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Having denied Plaintiffs' request to preclude Defendant from entering evidence as to the reason for Mr. Peterson's discharge, Plaintiffs concede an issue of material fact remains so as to preclude the summary judgment requested by Plaintiffs.

### IV. CONCLUSION

Although Rule 37(d) is inapplicable to the case at hand, and no showing of bad faith has been made, Plaintiffs were entitled to a response to the substance of Interrogatory No. 5. Accordingly, since Defendant offered a baseless objection and directed Plaintiffs to a document that did not supply the requested information, Plaintiffs are entitled to sanctions. Although Plaintiffs' requested sanctions are too drastic for the conduct at issue, Plaintiffs' Motion For Sanctions (ECF No. 29) is **GRANTED** insofar as Plaintiffs may, at Defendant's expense, conduct additional video depositions of those involved in the decision to terminate Mr. Peterson. Having conceded an issue of material fact remains, Plaintiffs' Motion For Partial Summary Judgment (ECF No. 31) is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward copies of the same to counsel of record.

**DATED** this ___15th___ day of August, 2013.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER GRANTING MOTION FOR SANCTIONS,** *INTER ALIA*- 5