UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN PETERSON and CHARMAINE PETERSON, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>sanofi-aventis U.S. LLC, a foreign limited liability company,<br><br>Defendant. | **NO. CV-12-202-LRS**<br><br>ORDER DENYING MOTION<br>FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** is Defendant's Motion For Summary Judgment (ECF No. 35). This motion was heard with telephonic oral argument on August 1, 2013. Paul J. Burns, Esq., argued for Plaintiffs. Ryan P. Hammond, Esq., argued for Defendant. This order memorializes the ruling the court delivered from the bench at the conclusion of the oral argument.

## I. BACKGROUND AND FACTS

This action was removed from Spokane County Superior Court based on

**ORDER DENYING MOTION
FOR SUMMARY JUDGMENT- 1**

diversity of citizenship and federal question jurisdiction. Plaintiffs[1] assert a wrongful termination claim under the Washington Law Against Discrimination (WLAD), RCW Chapter 49.60, for age discrimination (RCW 49.60.180), and for unpaid severance benefits under the Employee Retirement Income Security Act (ERISA), 28 U.S.C. § 1132.[2]

Plaintiff Stephen Peterson began working as a pharmaceutical representative for Defendant sanofi in August 2004, following the merger of two companies (sanofi and aventis). Prior to that, commencing on March 27, 1990, Plaintiff had worked for predecessor pharmaceutical companies of sanofi-aventis. (ECF No. 40, at 1). As a senior sales representative, Plaintiff's duties were to sell products in sanofi's portfolio to hospitals in Eastern Washington and Northern Idaho with his 44 year old peer, Angela Peck. (ECF No. 35, Exhibit A, at 2). Plaintiff was expected to make an average of eight sales calls per day, and enter these calls into a company database (Quest) as required by both sanofi and various federal and state government entities including the Food and Drug Administration. (ECF 35, at 2-4). Sanofi defined sales calls to exclude passing encounters with physicians. (*Id*. at 4). In 2005 and 2006, Plaintiff was informed that he needed to increase his call volume to meet the eight sales calls per day standard. (*Id*. at 2). Some of the sales calls Plaintiff made went to Dr. Lambert, a co-owner of two of the rental properties Plaintiff owned and managed. (*Id*. at 7). Concurrently while employed by sanofi, Plaintiff served as Mayor of the City of Liberty Lake from 2001 until 2007, the same year he began

---

[1] Mr. and Mrs. Peterson are named as Plaintiffs, but it is understood that Mrs. Peterson is not seeking any individual relief in this action, but is merely protecting her interest in the marital community. Henceforth in this order, the court refers to "Plaintiff" in the singular, that being Mr. Peterson.

[2] Plaintiff stipulates to a dismissal of his disability discrimination claim. (ECF No. 40 at p. 2).

**ORDER DENYING MOTION**
**FOR SUMMARY JUDGMENT-  2**

reporting to Greg Louden, the district sales manager. (*Id*. at 8).

While reporting to Mr. Louden, Plaintiff requested a short term leave of absence for a disability. (*Id*. at 4). Neither Mr. Louden nor the regional sales director for Plaintiff's region inquired about the reason for Plaintiff's request, and sanofi approved the leave. (*Id*.). Plaintiff returned to work 105 days later with no restrictions. (*Id*. at 5). After his return, Plaintiff received a "meets expectations" performance review from Mr. Louden, and no negative or derogatory comments were ever made about Plaintiff's disability leave or alleged disability. (*Id*.). In December of 2008, Plaintiff received a coaching letter from Mr. Louden noting that Plaintiff was not meeting the eight sales calls per day standard. *Id*. at 2.

Shortly afterwards in early 2009, Mr. Louden accompanied Plaintiff on a field ride where Mr. Louden reported seeing Plaintiff make two passing encounters with physicians. *Id*. at 5. Mr. Peterson later documented in Quest two sales calls with these physicians. *Id*. a 6. Plaintiff had a meeting with Mr. Louden and regional sales director, Dave. Patterson, on March 6, 2009, to discuss entry of the sales calls in Quest. (*Id*.). Mr. Patterson led the meeting, while Plaintiff and Mr. Louden took notes. (*Id*.). On March 19, 2009, Mr. Louden met with Plaintiff and informed him that his employment was being terminated, and his duties were being assumed by Ms. Peck. (*Id*.). Plaintiff was 59 years old at the time of his discharge. Later in March, Plaintiff requested a severance package under sanofi's separation plan. (ECF No. 31, at 3). Plaintiff's request for benefits was denied. (ECF No. 35 at 7). Plaintiff appealed the decision, and the plan administrator affirmed, stating that benefits are not available to employees who are terminated for cause. (*Id*.).

**ORDER DENYING MOTION**
**FOR SUMMARY JUDGMENT- 3**

## II. DISCUSSION

**A. Summary Judgment Standard**

Under Fed. R. Civ. P. 56, a party is entitled to summary judgment where no genuine issue of material fact exists, and the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986). The substantive law identifies which facts are material. *Id.* at 248. The moving party bears the burden of proving that no genuine issue of material fact exists. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986). When considering a motion for summary judgment, the court must review all evidence in the record and draw all reasonable inferences in favor of the non-moving party. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135, 120 S.Ct. 2097 (2000). However, the court must not make any credibility determinations or weigh any evidence. *Id*. Although other factual disputes may exist, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Summary judgment applies to discrimination cases. *Reeves,* 530 U.S. at 148. In employment discrimination cases, however, summary judgment in favor of the employer is seldom appropriate because indirect, circumstantial, and inferential evidence are enough to discharge Plaintiff's burden of production. *Riehl v. Foodmaker, Inc.*, 152 Wn.2d 138, 144, 94 P.3d 930 (2004).

**B. Age Discrimination**

RCW 49.60.180(2) makes it unlawful for employers to discharge or bar any person from employment because of age. *Hill v. BCTI Income Fund-I*, 144 Wn.2d

172, 179, 23 P.3d 440, 445 (2001).  The United States Supreme Court has created a three step burden shifting protocol to use when evaluating motions for judgment as a matter of law in which the plaintiff lacks direct evidence of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973). Washington courts have adopted this protocol.  *Hill* 144 Wn.2d at 180.   Although the ultimate burden of persuasion that the defendant unlawfully discriminated against the employee lies with the plaintiff at all times, the *McDonnell Douglas* protocol imposes three additional burdens of production that shift between the plaintiff and the defendant.  *Id*. at 180-181.  If any of these burdens of production are not met, the opposing party is entitled to judgment as a matter of law.  *Id*. at 180.

The first burden of production requires the plaintiff to set forth a prima facie case of unlawful discrimination.  *Id*. at 181.  To make out a prima facie case of wrongful discharge due to age, a plaintiff must show that he or she (1) was within the statutorily protected age group; (2) was discharged by the defendant; (3) was doing satisfactory work; and (4) was replaced by a significantly younger person. *Id*. at 188.  The statutorily protected age group includes those over 40 years old. RCW 49.44.090.  Circumstantial, indirect, and inferential evidence will suffice to discharge the plaintiff's burdens.  *Hill*, 144 Wn.2d at 180.

If a prima facie case of discrimination is established, the second step of the *McDonnell Douglas* protocol imposes a burden on the defendant to "produce admissible evidence of a legitimate, nondiscriminatory explanation for the adverse employment action sufficient to raise a genuine issue of fact as to whether the defendant discriminated against the plaintiff." *Id*.  If the employer's burden of production is met, the presumption of discrimination raised by the prima facie case is rebutted.  *Rice v. Offshore Sys., Inc.*, 167 Wn.App. 77, 89, 272 P.3d 865, *review denied,* 174 Wn.2d 1016, 281 P.3d 687 (2012) (emphasis removed).

**ORDER DENYING MOTION
FOR SUMMARY JUDGMENT- 5**

If an employer produces a legitimate, non-discriminatory reason for the employee's discharge, the third and final step of the *McDonnell Douglas* protocol requires the employee resisting summary judgment to "produce evidence that raises a genuine issue of material fact on whether the reasons given by the employer for discharging the employee are unworthy of belief or are mere pretext for what is in fact a discriminatory purpose." *Id*. at 89.  However, circumstantial evidence will suffice; the employee need not supply direct evidence or even "evidence beyond that offered to establish the prima facie case." *Id*. The employee must only "meet his burden of production to create an issue of fact, but is not required to resolve that issue on summary judgment." *Id*. Accordingly, summary judgment in favor of employers is seldom appropriate in discrimination cases. *Id*.

### 1. Prima Facie Case

Plaintiff has met his burden of production regarding the four elements of a prima facie case of age discrimination.  First, Plaintiff was 59 years old at the time of his discharge.  (ECF 34, No. 2).  This places Plaintiff inside the protected class outlined in RCW 49.44.090.  Second, it is not disputed that Plaintiff was discharged from his employment with sanofi on March 19, 2009.  (ECF No. 35, Exhibit A, at 10).  Third, Plaintiff points to his history of positive performance evaluations and bonuses, including one paid after his termination, as evidence of his satisfactory performance, asserting that no serious misconduct ever took place. (ECF No. 40, at 3).  Fourth, it is undisputed that Plaintiff was replaced by his younger peer, Angela Peck, age 44.  (ECF No. 40, at 4).

**ORDER DENYING MOTION
FOR SUMMARY JUDGMENT-  6**

## 2. Legitimate and Non-Discriminatory Reason for Discharge

Defendant has produced a legitimate, non-discriminatory reason for Plaintiff's discharge as required by the second step of the *McDonnell Douglas* three-step burden shifting protocol. The standard for a defendant to meet the burden imposed by the second step is quite low. For instance, when an employee was fired for alleged misconduct at the scene of an emergency, the defendant was able to meet its burden of production merely by making a "statement that the reason for terminating Rice was his improper conduct at the fire scene." *Rice*, 167 Wn.App., at 89.

Here, Defendant points out that Plaintiff had previously been instructed by Mr. Louden, as well as Mr. Louden's predecessor, to increase his sales call activity to meet the expected average of eight sales calls per day. (ECF No. 35, at 2). More importantly, Defendant claims that Plaintiff falsified company records and that this was the ultimate reason for Plaintiff's termination. (ECF No. 35, at 6). Defendant claims that Plaintiff made two passing encounters with physicians, that these passing encounters did not qualify as sales calls, that Plaintiff recorded these passing encounters as sales calls in the company database, and that this misconduct was the reason for Plaintiff's termination. (ECF No. 35, at 5-6). Defendant asserts that a meeting was called to discuss these events with Plaintiff, and during the meeting, Plaintiff admitted to falsifying company records. (ECF No. 35, at 6). It is Plaintiff's alleged admission of falsifying company records that Defendant cites as the motivating factor in the decision to terminate Plaintiff's employment, not Plaintiff's age. (ECF No. 35, at 6). This is a satisfactory, non-discriminatory explanation for terminating Plaintiff's employment, sufficient to raise an issue of material fact whether Defendant intentionally discriminated against Plaintiff. Accordingly, the burden shifts to Plaintiff to show that Defendant's proffered reason is mere pretext for discrimination. *Hill* 144 Wn.2d

**ORDER DENYING MOTION
FOR SUMMARY JUDGMENT- 7**

at 182.

### 3. Pretext

"Comments suggesting that the employer may have considered impermissible factors are clearly relevant to a disparate treatment claim," however, "'stray' remarks are insufficient to establish discrimination." *Merrick v. Farmers Ins. Grp.*, 892 F.2d 1434, 1438 (9th Cir. 1990). For example, an inference of pretext does not arise from an employer stating that an employee was promoted because he was a "bright young man." *Id*. Plaintiff asserts that Mr. Louden made negative remarks about Plaintiff which relate to his age and indicate discriminatory animus. First, Plaintiff claims that Mr. Louden referred to Plaintiff as a "senior rep," and that this remark gives rise to an inference of discriminatory animus. (ECF No. 35, at 12). However, this was Plaintiff's job title, and this remark does little to establish an inference of age discrimination. Second, Plaintiff asserts that Mr. Louden made a remark about Plaintiff's inability to text, which Plaintiff interpreted as a remark about Plaintiff's age. (*Id*. at 13). These comments appear to be stray remarks, much less directly related to Plaintiff's age than the remarks at issue in *Merrick* which were insufficient to support an inference of pretext. Accordingly, Mr. Louden's stray remarks are insufficient to support an inference of pretext.

Plaintiff also claims that he was treated differently than his younger peer, Ms. Peck. In age discrimination cases, a plaintiff may demonstrate pretext or discriminatory intent by showing disparate treatment. *Hume v. Am. Disposal Co.*, 124 Wn.2d 656, 668, 880 P.2d 988 (1994). Sanofi required Plaintiff to come into work at 7:00 a.m., while Ms. Peck was required to come into work at 8:00 a.m. (ECF No. 40, at 13). This was so even though the record indicates Plaintiff had

**ORDER DENYING MOTION
FOR SUMMARY JUDGMENT- 8**

increased his call volume to meet the expectations outlined in a December 2008 coaching letter. (ECF No. 41-3, Louden Dep. at pp. 145-148). Although this evidence is indirect, it is evidence nonetheless, and appears sufficient to discharge the Plaintiff's burden of production that the employer's proffered reason for his discharge was mere pretext.

Plaintiff disputes Defendant's claim that he falsified company records. An employee's self-evaluation asserting good performance is insufficient to "contradict the employer's assertion of poor performance," and "does not give rise to a reasonable inference of discrimination." *Chen v. State*, 86 Wn.App. 183, 191, 937 P.2d 612, 617 (1997). However, Plaintiff does more than merely offer a self-evaluation asserting good performance. Plaintiff asserts that the misconduct alleged by Defendant never occurred. Plaintiff claims the sales calls in question were made to the two physicians after the passing encounter, and while Mr. Louden was not present. (ECF No. 41-1, Peterson Dep. at 114). Defendant, however, alleges Mr. Louden never left Plaintiff's side. (ECF No. 35-4, Louden Dep. at 158). Although Defendant's reason for terminating Plaintiff's employment need not be correct, merely non-discriminatory, the contradictory testimony raises an issue of credibility which calls into question Defendant's motivation in terminating Plaintiff's employment. Additionally, Plaintiff can show pretext if he can establish that "the company's reasons have no basis in fact." *Rice*, 167 Wn.App. at 90. Therefore, Plaintiff's assertion that the alleged misconduct never occurred raises an issue of material fact.

Although sanofi cites to certain of Plaintiff's deposition testimony (ECF No. 35-3, Peterson Dep. at p. 119:6-9) for the proposition that Plaintiff admitted to having made a mistake in recording certain encounters as sales calls, a review of that deposition testimony fails to show that Plaintiff admitted anything. Mr. Louden's notes indicate that Plaintiff admitted making a mistake (ECF No. 35-4,

**ORDER DENYING MOTION
FOR SUMMARY JUDGMENT- 9**

Louden Dep. at pp. 174-75), but there is nothing directly from the mouth of Plaintiff admitting to a mistake.[3]  Therefore, a credibility determination will need to be made by the trier of fact (this court) as to who is telling the truth.

The evidence of disparate treatment between Plaintiff and his younger peer raises a genuine issue of material fact whether Defendant's proffered reason for discharging Plaintiff was pretextual. Although the evidence is inferential, such evidence is sufficient to discharge the Plaintiff's burden of production. *Sellsted v. Washington Mutual Savings Bank*, 69 Wn.App. 852, 861 (1993).  Furthermore, the conflicting testimony of Plaintiff and Mr. Louden introduced a determination of credibility, precluding entry of summary judgment, and also creates an inference that Defendant's proffered reason for terminating Plaintiff's employment was not based in fact and instead was merely pretextual.

### 4. After Acquired Evidence Rule

Defendant contends Plaintiff's claim is subject to summary judgment because it is barred by the after acquired evidence rule in two ways.  First, Defendant asserts that Plaintiff's claim fails because Plaintiff maintained a real estate business with a doctor to whom he made sales calls.  ECF No. 45, at 17.  According to Defendant, Plaintiff's relationship constitutes a violation of sanofi's code of conduct that was required to be disclosed. *Id*. at 18.  Since Plaintiff did not disclose this relationship, Defendant contends Plaintiff was subject to termination regardless of any alleged call falsification. *Id*.  Second, Defendant

---

[3] Mr. Louden's notes from the March 6 meeting (Ex. L to ECF No. 35) indicate the discussion was not limited to whether Plaintiff improperly recorded sales calls.

**ORDER DENYING MOTION**
**FOR SUMMARY JUDGMENT- 10**

asserts that Plaintiff's position as mayor interfered with his duties at sanofi, and also needed to be reported. *Id*. Since Plaintiff did not officially report his duties as mayor, Defendant says he is subject to termination. *Id*.

The after acquired evidence rule has not been used in Washington courts prior to trial. When it has been used, the rule serves to limit an employee's recovery, not prohibit it. *McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352, 362, 115 S.Ct. 879 (1995). Since the after acquired evidence rule appears to function as a damage reducing factor, the court declines to consider it as a basis for awarding summary judgment regarding liability for discrimination.

There are genuine issues of material fact whether the after acquired evidence rule should be applied to reduce Plaintiff's damages, should liability be found. The record gives rise to genuine issues of material fact regarding how much sanofi actually knew about Plaintiff's alleged conflicts of interest and whether the alleged conflicts actually amounted to conflicts under sanofi's code of conduct.

### 5. Same Actor Inference

Defendant contends the same actor inference defeats Plaintiff's discrimination claim. The same actor inference states that when the "same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive." *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270-71 (9th Cir. 1996). Once this inference takes hold, Plaintiff must make a stronger showing of discrimination to overcome it. *Id*. To assert the same actor inference, Defendant points out that it was Mr. Louden who gave Plaintiff positive performance

**ORDER DENYING MOTION**
**FOR SUMMARY JUDGMENT- 11**

evaluations, as well as Mr. Louden who terminated him. (ECF No. 45, at 15). The same actor inference does not, however, appear to apply to the present case. The same actor inference is triggered when the same actor is responsible for both hiring and firing an employee in a short period of time, not for merely giving "meets expectations" performance evaluations. *Hill,* 144 Wn.2d at 189 n. 12, 23 P.3d 440; *Griffith v. Schnitzer Steel Indus., Inc.*, 128 Wn.App. 438, 454, 115 P.3d 1065, 1073 (2005).

Deposition testimony from Mr. Louden and Mr. Patterson suggests that neither of them was responsible for Plaintiff's termination, and that the decision came from above (Human Resources Manager Tony Mirra). According to Mr. Patterson, he was not a decision maker, but was told that "[f]alsification of call documentation . . . was one of the main reasons" for the termination. (ECF No. 35-5, Patterson Dep. at p. 131:8-18). According to Mr. Louden, he was "informed by Tony Mirra" that a decision had been made to terminate Plaintiff's employment (ECF No. 35-4, Louden Dep. at p. 167: 12-14), and he did not know specifically, but assumed it to be so, that the termination decision was based in part on information he provided to Mirra following the March 6, 2009 meeting between Plaintiff, Mr. Louden and Mr. Patterson (ECF No. 50-1 at p. 170: 3-6). At a March 19, 2009 meeting, Mr. Louden informed Plaintiff he was terminated because of "information [Plaintiff] had provided in the March 6th meeting," but could not recall if he told the Plaintiff the specific information that served as the basis for the termination. (ECF No. 35-4 at p. 173: 17-23). According to Mr. Louden, however, he had "no input" into the termination decision and does not recall at anytime having a discussion with Mr. Patterson about that. (*Id*. at p. 167: 4-11). Even if the same actor inference were applicable, it would merely create an inference of non-discrimination for Plaintiff to overcome. Plaintiff has produced evidence that requires a credibility determination as between himself and Mr. Louden. Accordingly, even should this inference apply, summary judgment

**ORDER DENYING MOTION**
**FOR SUMMARY JUDGMENT- 12**

would not be proper.

### C. ERISA Claim

Denial of benefits claims under a benefit plan that gives the administrator discretionary authority to determine eligibility for benefits is subject to abuse of discretion review. *Abatie v. Alta Health Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc). Under this lenient standard of review, the administrator's decision is upheld if based on any reasonable ground. *Id.* at 969. Here, the plan administrator's stated reason for denying Plaintiff benefits was that he was terminated for cause, specifically for falsifying company records. Since there is a genuine issue of material fact whether Plaintiff was properly discharged for falsifying company records, awarding summary judgment on Plaintiff's ERISA claim is likewise improper.

Defendant argues that even if it did not discharge Plaintiff for cause, Plaintiff would still not be entitled to benefits under the company's separation plan because there is no genuine issue of material fact that sanofi did not terminate him "in connection with a reduction in force, plant or facility closing, or corporate reorganization, restructuring or other transaction." An "other transaction" is very broad language. Accordingly, either Plaintiff was terminated for cause and he is not entitled to benefits, or he was not terminated for cause, but because of an "other transaction." If Plaintiff establishes by a preponderance of the evidence that he was not legitimately terminated for cause, it appears he is entitled to separation benefits per sanofi's plan.

**ORDER DENYING MOTION**
**FOR SUMMARY JUDGMENT- 13**

## III. CONCLUSION

Plaintiff has stated a prima facie case for age discrimination under the WLAD and Defendant has articulated a legitimate non-discriminatory reason for Plaintiff's discharge (alleged falsification of sales calls). At the forthcoming bench trial, the court will make the credibility determinations underlying the issue of whether sanofi used the alleged call falsification as a mere pretext for terminating Plaintiff because of his age. If Plaintiff establishes by a preponderance of the evidence that he was not legitimately terminated for cause, it appears he is entitled to separation benefits per sanofi's plan. Defendant's Motion For Summary Judgment (ECF No. 35) is **DENIED**. Plaintiffs' disability discrimination claim is **DISMISSED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward copies of the same to counsel of record.

**DATED** this ___15th___ day of August, 2013.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT- 14**